IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

NANDRE ERVIN                                                          PLAINTIFF

v.                              Case No. 4:23-cv-00185 KGB

PULASKI COUNTY, ARKANSAS, an
Arkansas Municipality, *et al.*                                      DEFENDANTS

## ORDER

Before the Court is a motion to dismiss plaintiffs' first amended complaint filed by separate defendants Turn Key Health Clinics, LLC ("Turn Key"), Kendra Roberts, and Katherine Millikan (collectively "Separate Defendants") (Dkt. No. 29). Plaintiff Nandre Ervin responded in opposition to the motion (Dkt. No. 31). For the following reasons, the Court denies Separate Defendants' motion to dismiss (Dkt. No. 29).

### I.    Background

Mr. Ervin filed an amended complaint against defendants alleging claims under 42 U.S.C. §§ 1983 and 1988 and Arkansas common law (Dkt. No. 27). Mr. Ervin's Turn Key medical records were previously filed with the Court under seal (Dkt. No. 4), and Mr. Ervin incorporates those records by reference into his amended complaint (Dkt. No. 27, at 7). Mr. Ervin sues based on events that occurred while he was a pre-trial detainee at the Pulaski County Jail, during which time he maintains Separate Defendants acted with deliberate indifference to his serious medical needs and deprived him of basic, necessary, and immediate medical care for his acute uveitis (*Id.*, at 1–2). Mr. Ervin alleges that Separate Defendants' conduct resulted in "unnecessary emergency ocular surgery" to save his eye sight, causing him physical and emotional harm (*Id.*, at 2).

Separate Defendants move to dismiss Mr. Ervin's complaint for failure to state a claim upon which relief may be granted against defendant Turn Key under a *Monell v. New York City*

*Department of Social Services*, 436 U.S. 658, 694 (1978), theory of liability for deliberate indifference under 42 U.S.C. § 1983 (Dkt. No. 29, at 1).  Further, Separate Defendants maintain that Mr. Ervin fails to plead facts sufficient to support any constitutional violation by defendants Ms. Roberts or Ms. Millikan and fails to plead that any specific policy, practice, or custom of Turn Key was the moving force behind any such constitutional violation (*Id.*, at 1–2).

## II.    Legal Standard

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).  "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party."  *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

In determining the sufficiency of a complaint, courts review the complaint itself and any exhibits attached to the complaint.  *Zink v. Lombardi*, 783 F.3d 1089, 1099 (8th Cir.) (en banc), *cert. denied*, 135 S. Ct. 2941 (2015) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)).  The complaint must be construed liberally, and any allegations

2

or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiffs. *Twombly*, 550 U.S. at 554–56. A complaint should not be dismissed simply because the Court is doubtful the plaintiffs will be able to prove all of the necessary factual allegations. *Id.* at 556. Accordingly, a well-pleaded complaint will survive a motion to dismiss even if it appears recovery is very remote and unlikely. *Id.* "Finally, the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## III.    Analysis

Deliberate indifference to the serious medical needs of pretrial detainees violates the right to due process. *Barton v. Taber*, 908 F.3d 1119, 1123 (8th Cir. 2018); *see also Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014) (applying the Eighth Amendment deliberate-indifference standard for inmates' claims to pretrial detainee's claim under the Fourteenth Amendment). To establish a claim for deliberate indifference at this stage of the proceeding, Mr. Ervin must sufficiently allege: (1) that he suffered from an objectively serious medical need and (2) that defendants had actual knowledge of that need but deliberately disregarded it. *See Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018). Generally, "[w]hether an inmate's condition is a serious medical need and whether an official was deliberately indifferent to the inmate's serious medical need are questions of fact." *Schaub v. VonWald*, 638 F.3d 905, 915 (8th Cir. 2011).

A medical need is objectively serious "if the medical need in question is supported by medical evidence, such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (internal quotation marks and citation omitted). Accepting as true all facts alleged in

the amended complaint and construing those facts in favor of Mr. Ervin, Mr. Ervin sufficiently alleges an objectively serious medical need.

Further, accepting as true all facts alleged in the amended complaint and construing those facts in favor of Mr. Ervin, the Court determines that Mr. Ervin sufficiently alleges that Separate Defendants had actual knowledge of that need but deliberately disregarded it. "Grossly incompetent or inadequate care can constitute deliberate indifference in violation of the Eighth Amendment where the treatment is so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240–41 (8th Cir. 1997); *Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir.1990) (grossly incompetent or inadequate care can constitute deliberate indifference; medical care so inappropriate as to evidence intentional maltreatment or refusal to provide essential care violates Eighth Amendment); *see also Terrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834, 843 (6th Cir. 2002) (when need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference).

In addition, accepting the allegations in the amended complaint as true, Mr. Ervin sufficiently alleges deliberate indifference and that Turn Key's policies, practices, and customs were the moving force behind the alleged constitutional violations, thereby sufficiently alleging a *Monell* theory of liability against Turn Key for alleged deliberate indifference under 42 U.S.C. § 1983. *See Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975–76 (8th Cir.1993) (determining that a corporation acting under color of state law is liable under § 1983 for its own unconstitutional policies; the proper test is whether there is policy, custom, or action by those who represent official policy that inflicts injury actionable under § 1983); *Johnson v. Lockhart,* 941 F.2d 705, 707 (8th Cir.1991) (determining that abdication of policy-making and oversight responsibilities can reach

a level of deliberate indifference and result in unnecessary and wanton infliction of pain to prisoners when tacit authorization of subordinates' misconduct causes constitutional injury).

**IV.     Conclusion**

For these reasons, the Court denies Separate Defendants' motion to dismiss the amended complaint (Dkt. No. 29).

It is so ordered this 29th day of March, 2024.

Kristine G. Baker
Chief United States District Judge